661 So.2d 393 (1995)
SOVA DRUGS, INC., et al., Petitioners,
v.
Traiy Patrick BARNES, et al., Respondents.
No. 95-1719.
District Court of Appeal of Florida, Fifth District.
October 13, 1995.
*394 Michael G. Maida of Messer, Vickers, Caparello, Madsen, Goldman & Metz, Tallahassee, and Carl Scott Schuler of Tygart & Schuler, P.A., Jacksonville, for Petitioners.
Robert O. Wilhelm of Robert O. Wilhelm & Associates, P.A., St. Augustine, for Respondents.
Michael D. Eriksen of Romano, Eriksen & Cronin, West Palm Beach, for Academy of Florida Trial Lawyers, Amicus Curiae.
W. SHARP, Judge.
The mother of Traiy Patrick Barnes, respondent in this case, filed suit against Sova Drugs, Inc., petitioner in this case, for injuries suffered by her son, when the pharmacy allegedly misfilled a prescription for him. Sova filed a motion to dismiss on the ground that Barnes failed to comply with the presuit investigation and notice requirements of the Medical Malpractice Reform Act, sections 766.101 through 766.212, Florida Statutes (1993). The trial court denied the motion because it held the pharmacy is not a "health care provider" under the Medical Malpractice Reform Act, and thus it is not entitled to require that plaintiffs suing for misfilling a prescription comply with the presuit investigation and notice requirements of the statute. Sova seeks review of this ruling by filing a petition for certiorari.
We agree with the trial court's ruling. Orders denying motions to dismiss are not generally reviewed by appellate courts by means of petitions for certiorari. However, the appellate courts of this state have made an exception for interlocutory orders which interpret the presuit provisions of the Medical Malpractice Reform Act. The justification for this exception is to promote the purpose of the statutory procedures under the Act, which are designed to encourage settlement of cases. If the case is fully litigated, without resort to the presuit procedures, that purpose would be frustrated, and appellate courts could not properly remedy the cause on appeal. See Tunner v. Foss, 655 So.2d 1151 (Fla. 5th DCA 1995); Shands Teaching Hospital and Clinics, Inc. v. Barber, 638 So.2d 570 (Fla. 1st DCA 1994); NME Hospitals, Inc. v. Azzariti, 573 So.2d 173 (Fla. 2d DCA 1991).
This is apparently a case of first impression in this state. Section 766.102, Florida Statutes (1993) sets out the standards for recovery in medical negligence cases. Subsection (1) provides:
In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in Section 768.50(2)(b), the claimant shall have the burden of proving by the greater weight of the evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider ... (emphasis supplied)
Section 766.106(2), Florida Statutes (1993) requires that presuit notice be given by a claimant to "each prospective defendant". In Weinstock v. Groth, 629 So.2d 835 (Fla. 1993), the supreme court stated that the "prospective defendants" entitled to presuit notice are the health care providers listed in Section 768.50(2)(b), Florida Statutes (1985). That provision defines "health care provider" as:
[H]ospitals licensed under chapter 395; physicians licensed under chapter 458; osteopaths licensed under chapter 459; podiatrists licensed under chapter 461; dentists licensed under chapter 466; chiropractors licensed under chapter 460; naturopaths licensed under chapter 462; nurses licensed under chapter 464; clinical laboratories registered under chapter 483; physicians' assistants certified under chapter 458; physical therapists and physical therapist assistants licensed under chapter 486; health maintenance organizations certified *395 under part 2 of chapter 641; ambulatory surgical centers as defined in paragraph (c); blood banks, plasma centers, industrial clinics, and renal dialysis facilities; or professional associations, partnerships, corporations, joint ventures, or other associations for professional activity by health care providers.
The supreme court held that a psychologist is not a health care provider because that profession is not specifically listed in section 768.50(2)(b), Florida Statutes (1985). Weinstock v. Groth, supra. Thus, the court concluded, a psychologist is not entitled to presuit notice provided under Chapter 766. The court noted that its narrow construction of the statutory definition of "health care provider" is in accord with the rule that any restriction of access to the courts must be construed in a manner that permits free access. 629 So.2d at 838.
Section 768.50(2)(b), Florida Statutes (1985) does not specifically reference pharmacists, nor the chapter in the Florida Statutes, under which these professionals are licensed and controlled by this state. Since the statute specifically references those professions which are included, and the chapters under which they are regulated, application of the basic rule of statutory construction[1] leads to the conclusion that the Legislature intended to omit pharmacists and pharmacies from this part of the Medical Malpractice Reform Act. Other parts of Chapter 766 include pharmacists in the list of "health care providers," for example, section 766.101(1)(b), Florida Statutes (1993).[2] However, their inclusion in this section is for the purpose of providing them immunity when serving on medical review committees or providing information in the scope of such a committee function. This provision has little or nothing to do with filing medical malpractice actions in civil courts. Cf. NME Properties, Inc. v. McCullough, 590 So.2d 439 (Fla. 2d DCA 1991) (nursing homes are required to have medical review committees, but are not entitled to presuit notice).
The Medical Malpractice Reform Act has other sections which define "health care provider" in inconsistent ways. See, e.g., § 766.1115(3)(d), Fla. Stat. (1993) (fails to include "pharmacist" within the definition of health care providers who are entitled to immunity from liability if offering free services to the poor). The only sensible approach in interpreting this Chapter, is to limit the applicability of each section to its own definition of "health care provider," if there is one provided. We conclude that section 768.50(2)(b) identifies the only health care providers who are entitled to presuit investigation and notice requirements prior to filing a civil suit for malpractice. Weinstock v. Groth, supra. Pharmacists and pharmacists are not among those listed.
Petition for Writ of Certiorari DENIED.
COBB and HARRIS, JJ., concur.
NOTES
[1] "Expressio unius est exclusio alterius," that is, the mention of one thing implies the exclusion of another. See Diversified Services, Inc. v. Avila, 606 So.2d 364 (Fla. 1992); Butterworth v. Caggiano, 605 So.2d 56 (Fla. 1992); Scope v. Fannelli, 639 So.2d 141 (Fla. 5th DCA 1994); Chandra v. Gadodia, 610 So.2d 15 (Fla. 5th DCA 1993), cert. denied, 621 So.2d 432 (Fla. 1993).
[2] See § 766.101(1)(b), Fla. Stat. (1993).