670 So.2d 1179 (1996)
Diana and Ernesto PATINO, Appellants,
v.
Dr. Neil EINHORN, individually, d/b/a Einhorn Eye Care Center, and ALP Freddy's Limited Partnership d/b/a Freddy's, Appellees.
No. 95-1990.
District Court of Appeal of Florida, Third District.
April 3, 1996.
Dennis Koltun and Scott Lazar, for appellants.
Stephens, Lynn, Klein & McNicholas and Marlene S. Reiss, for appellees.
Before BARKDULL, NESBITT and COPE, JJ.
PER CURIAM.
We find that the trial court erred in requiring the plaintiffs in a negligence action against an optometrist to meet the presuit requirements of Chapter 766, Fla.Stat. (1995). The provisions of this chapter are limitations on Article I, Section 21 of the Florida Constitution, and therefore should be strictly construed. See GBB Investments, Inc. v. Hinterkopf, 343 So.2d 899 (Fla. 3d DCA 1977). Optometrists are not enumerated in Section 768.50(2)(b),[1] and therefore there is no presuit notice required as a condition *1180 to maintaining the negligence action in the trial court. The final order dismissing the cause on this ground, be and the same is hereby reversed and the matter returned to the trial court for further proceedings.
NOTES
[1] Section 768.50(2)(b) was repealed in 1986 by Ch. 86-160, § 68 Laws of Fla., but remains viable for this purpose because it is referred to in section 766.102(1), Fla.Stat. (1995). See Weinstock v. Groth, 629 So.2d 835, 838 (Fla.1993).