Mr. James H. Peterson, III General Counsel Florida Department of Health 2020 Capital Circle Southeast Tallahassee, Florida 32399-1700
Dear Mr. Peterson:
You have asked for my opinion on substantially the following question:
Are presuit notices in medical malpractice cases received by the Department of Health under section 766.106, Florida Statutes (1998 Supplement), confidential and exempt from disclosure under section119.07(1), Florida Statutes, until ten days after probable cause has been found to exist as provided in section 455.621, Florida Statutes?
In sum:
A presuit notice in a medical malpractice case filed with the Department of Health pursuant to section 766.106, Florida Statutes (1998 Supplement), under section 455.621, Florida Statutes, is a public record and may not be maintained as confidential and exempt under the provisions of section 455.621(10), Florida Statutes.
Chapter 119, Florida Statutes, Florida's Public Records Act, defines "[p]ublic records" to include "all documents . . . or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law orordinance or in connection with the transaction of officialbusiness by any agency."[1] The Florida Supreme Court has interpreted this definition to encompass all materials received by an agency in connection with official business that are used to perpetuate, communicate, or formalize knowledge.[2] All such materials, regardless of whether they are in final form, are open for public inspection and copying unless the Legislature has exempted them from disclosure.
Florida courts have recognized that an agency's responsibility to provide public records is as broad in scope as the term "public records." The intent of the Legislature in enacting the Public Records Act and the impetus behind the adoption of Article I, section 24, Florida Constitution, was the facilitation of public access to governmental records.[3] Thus, any non-exempt record must be available for inspection at reasonable times and under reasonable circumstances.
In this state, "[d]isclosure of public records is not a discretionary act; it is a mandatory act."[4] Only the Florida Legislature has the authority to create exemptions to mandatory disclosure.[5] Courts, agencies and individuals do not have the power to create exemptions, "for to allow the elimination of public records from the mandate of Chapter 119 by private contract would sound the death knell of the Act."[6] Thus, the Department of Health may not, without specific legislative direction, determine that certain records that it receives pursuant to statute are confidential.[7]
Chapter 766 of the Florida Statutes deals with medical malpractice and related matters. The Legislature has expressed its concern with the high cost of medical care in this state and the relationship between medical malpractice liability insurance premiums and those medical care costs.[8] As expressed in section766.201, Florida Statutes:
"The average cost of defending a medical malpractice claim has escalated in the past decade to the point where it has become imperative to control such cost in the interests of the public need for quality medical services."[9]
In 1988 the Legislature enacted a statutory plan to accomplish a prompt resolution of medical negligence claims. The plan consists of two separate components: presuit investigation and arbitration. Presuit investigation is mandatory and applies to all medical negligence claims and defenses. Arbitration is voluntary.[10]
Florida courts, including the Florida Supreme Court, have determined that the Legislature enacted Chapter 766, Florida Statutes, to "promote the settlement of meritorious claims at an early stage without the necessity of a full adversarial proceeding."[11] In order to facilitate this policy, section766.203(2), Florida Statutes, provides:
"Prior to issuing notification of intent to initiate medical malpractice litigation pursuant to s. 766.106, the claimant shall conduct an investigation to ascertain that there are reasonable grounds to believe that:
(a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and
(b) Such negligence resulted in injury to the claimant."
The statute also requires independent corroboration of the medical malpractice claim:
"Corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert . . . at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence."[12]
The statute that gives rise to your question, section 766.106(2), Florida Statutes (1998 Supplement), provides:
"After completion of presuit investigation pursuant to s. 766.203
and prior to filing a claim for medical malpractice, a claimant shall notify each prospective defendant and, if any prospective defendant is a health care provider . . . the Department of Health by certified mail, return receipt requested, of intent to initiate litigation for medical malpractice. Notice to the Department of Health must include the full name and address of the claimant; the full names and any known addresses of any health care providers . . . who are prospective defendants identified at the time; the date and a summary of the occurrence giving rise to the claim; and a description of the injury to the claimant. The requirement for notice to the Department of Health does not impair the claimant's legal rights or ability to seek relief for his or her claim, and the notice provided to the department is not discoverable or admissible in any civil or administrative action. The Department of Health shall review each incident and determine whether it involved conduct by a licensee which is potentially subject to disciplinary action, in which case the provisions of s. 455.621 apply."
Section 455.621, Florida Statutes, authorizes the Department of Health to initiate disciplinary proceedings against professionals within the jurisdiction of the department, including health care practitioners.[13] Thus, the legislative scheme provides for an agency investigation of allegations of medical malpractice independent of any private medical malpractice action that may proceed through arbitration or through the courts.
Section 766.106(5), Florida Statutes (1998 Supplement), provides:
"No statement, discussion, written document, report, or other work product generated by the presuit screening process is discoverable or admissible in any civil action for any purpose by the opposing party. All participants, including, but not limited to, physicians, investigators, witnesses, and employees or associates of the defendant, are immune from civil liability arising from participation in the presuit screening process."
While this statute clearly makes such information unavailable for civil litigation purposes, it does not make it confidential and exempt for purposes of section 119.09, Florida Statutes.[14]
A number of documents may initiate the investigation of a physician. Section 458.331(9), Florida Statutes (1998 Supplement), provides:
"When an investigation of a physician is undertaken, the department shall promptly furnish to the physician or the physician's attorney a copy of the complaint or document which resulted in the initiation of the investigation. For purposes of this subsection, such documents include, but are not limited to: the pertinent portions of an annual report submitted to the department pursuant to s. 395.0197(6); a report of an adverse incident which is provided to the department pursuant s.395.0197(8); a report of peer review disciplinary action submitted to the department pursuant to s. 395.0193(4) or s. 458.337, providing that the investigations, proceedings, and records relating to such peer review disciplinary action shall continue to retain their privileged status even as to the licensee who is the subject of the investigation, as provided by ss. 395.0193(8) and458.337(3); a report of a closed claim submitted pursuant to s.627.912; a presuit notice submitted pursuant to s. 766.106(2); and a petition brought under the Florida Birth-Related Neurological Injury Compensation Plan, pursuant to s. 766.305(2). . . ."
Most of the statutes cited above specifically provide that the identified records are not available to the public under s.119.07(1) and that these particular records are not subject to discovery or admissible in an administrative or civil action.[15]
Section 455.621, Florida Statutes, contains a confidentiality provision for a complaint against a regulated professional and all information obtained pursuant to the department's investigation of that complaint. Subsection (10) of the statute states in part:
"The complaint and all information obtained pursuant to the investigation by the department are confidential and exempt from s. 119.07(1) until 10 days after probable cause has been found to exist by the probable cause panel or by the department, or until the regulated professional or subject of the investigation waives his privilege of confidentiality, whichever occurs first."[16]
Nothing in this section speaks directly to a presuit notice. While it is clear from the language of section 455.621(10), Florida Statutes, that a complaint made to the Department of Health regarding a regulated professional is confidential unless probable cause is found, no clear direction from the Legislature would require the same treatment for presuit notices.
The public policy of this state favors public access to governmental records and exemptions from disclosure receive a very narrow reading to limit them to their stated purpose.[17] Further, the presuit requirements in Chapter 766, Florida Statutes, have been determined to be a limitation on the free access to courts provision of the Florida Constitution and, as such, are subject to a strict construction.[18]
In a recent Florida Supreme Court case, Cohen v. Dauphinee,[19]
the Court considered whether a presuit corroborative affidavit could be used to impeach a witness's testimony at trial. The Court, construing the terms of section 766.205(4), Florida Statutes, determined that this statute would protect the corroborative affidavit from any use by the opposing party, including impeachment of the expert witness who prepared the affidavit. The Court recognized that the statute, the language of which parallels section 766.106(5), Florida Statutes, makes statements, discussions, written documents, or reports available for informal discovery during the presuit screening process while protecting those same documents from formal discovery and admissibility after initiation of the medical malpractice suit. However, the case relates to evidentiary privilege and does not address the public records status of a presuit notice filed with a state agency pursuant to statutory mandate.[20]
The argument has been made previously and rejected by Florida courts that an evidentiary privilege may create an exemption from the Public Records Law. In Wait v. Florida Power and LightCompany, the Florida Supreme Court emphasized that only those records made confidential by statutory law are exempt, not those that are confidential or privileged as a result of judicial decisions or declarations of policy.[21]
In Wait, a company in litigation with a city sought to examine the city's public records. The city denied the records request on the ground that its attorney would have to review the records and remove any privileged or confidential documents before production. The Supreme Court rejected the city's argument and held that the records must be disclosed:
"[I]n enacting section 119.07(2), Florida Statutes (1975), the legislature intended to exempt those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result of the judicially created privileges of attorney-client and work product. If the common law privileges are to be included as exemptions, it is up to the legislature, and not this Court, to amend the statute. [The city] next argues that, even if the common law privileges are not "provided by law" and therefore were not incorporated in section119.07(2), Florida Statutes (1975), public policy considerations compel recognition of these litigation-related privileges as exemptions to the act. This argument should be addressed to the legislature. Courts deal with the construction and constitutionality of legislative determinations, not with their wisdom. In this case, we are confined to a determination of the legislature's intent."[22]
Thus, the Florida Supreme Court has recognized that an evidentiary privilege does not constitute an exemption from the public inspection and copying requirements of the Public Records Law.[23]
Therefore, in light of the public policy favoring open records and to facilitate professional accountability, it is my opinion that a presuit notice received by the Department of Health under section766.106, Florida Statutes (1998 Supplement), is not confidential and exempt from disclosure under section 119.07(1), Florida Statutes. However, this conclusion does not affect the responsibility of the Department of Health to redact the names of medical patients or other information identifying a patient from presuit notice documents prior to their production for review under the Public Records Law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.011(1), Fla. Stat.
[2] See, Shevin v. Byron, Harless, Schaffer, Reid andAssociates, I]nc., 379 So.2d 633 (Fla. 1980).
[3] See, s. 119.01(1), Fla. Stat., and Art. I, s. 24(a), Fla. Const. And see, State ex rel. Clayton v. Board of Regents,635 So.2d 937 (Fla. 1994), discussing the broad nature of Florida's constitutional right of access to public records under Art. I, s.24, Fla. Const. 
[4] Mills v. Doyle, 407 So.2d 348, 350 (Fla. 4th DCA 1981).
[5] Memorial Hospital-West Volusia, Inc., v. News-JournalCompany, 24 FLW S52a (January 21, 1999) (in the absence of express exemption from Public Records Law, hospital records subject to public access); Forsberg v. Housing Authority of City of MiamiBeach, 455 So.2d 373, 374 (Fla. 1984); Gadd v. News-PressPublishing Company, Inc., 412 So.2d 894, 896 (Fla. 2d DCA 1982) ("any exemption or confidentiality must be `provided by law,'" and the courts are "bound by the decision of the legislature").
[6] Mills v. Doyle, supra, n. 4 at 349.
[7] Hill v. Prudential Insurance Company of America,701 So.2d 1218 (Fla. 1st DCA 1997), rev. den., 717 So.2d 536 (Fla. 1998).
[8] Section 766.201(1)(a), Fla. Stat.
[9] Section 766.201(1)(c), Fla. Stat.
[10] Section 766.201(2), Fla. Stat.
[11] See, e.g., Cohen v. Dauphinee, 24 FLW S178 (April 15, 1999); Williams v. Campagnulo, 588 So.2d 982, 983 (Fla. 1991).
[12] Section 766.203(2), Fla. Stat.
[13] See, s. 455.501(4), Fla. Stat., defining "[h]ealth care practitioner" to mean any person licensed under Chs. 457 (acupuncture); 458 (medical practice); 459 (osteopathic medicine); 460 (chiropractic); 461 (podiatry); 462 (naturopathy); 463 (optometry); 464 (nursing); 465 (pharmacy); 466 (dentistry, dental hygiene, and dental laboratories); Parts I, III, V, or X of Chs. 468 (respectively, speech-language pathology and audiology, occupational therapy, respiratory therapy, or dietetics and nutrition practice); 480 (massage practice); 484 (opticianry and hearing aid specialists); 486 (physical therapy); 490 (psychology) or 491 (clinical, counseling, and psychotherapy services).
[14] Cf., s. 473.316, Fla. Stat., providing a general privilege from disclosure for communications between an accountant and client but denying such a privilege for these communications in disciplinary investigations.
[15] See, s. 395.0197(8), Fla. Stat. (1998 Supp.), relating to internal risk management programs; s. 395.0193(4), Fla. Stat. (1998 Supp.), relating to peer review for physicians; s.627.912(2), Fla. Stat. (1998 Supp.), dealing with professional liability claims and actions; and s. 458.337(3), Fla. Stat. (1998 Supp.), dealing with reports of disciplinary action by medical organizations and hospitals.
[16] And see, s. 455.621(1), Fla. Stat., requiring that a complaint be in writing, signed by the complainant, and be legally sufficient. The statute states in part that
"[a] complaint is legally sufficient if it contains ultimate facts that show that a violation of this part, of any of the practice acts relating to the professions regulated by the department, or of any rule adopted by the department or a regulatory board in the department has occurred. In order to determine legal sufficiency, the department may require supporting information or documentation."
[17] Krischer v. D'Amato, 674 So.2d 909 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987),rev. den., 520 So.2d 586 (Fla. 1988); Tribune Company v. PublicRecords, 493 So.2d 480 (Fla. 2d DCA 1986), pet. for rev. den. subnom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987);Bludworth v. Palm Beach Newspapers, Inc., 476 So.2d 775 (Fla. 4th DCA 1985), rev. den., 488 So.2d 67 (Fla. 1986).
[18] Patino v. Einhorn, 670 So.2d 1179 (Fla. 3d DCA 1996).
[19] Cohen v. Dauphinee, 24 FLW S178 (April 15, 1999).
[20] For another example of a statute recognizing a similar evidentiary privilege for public records see, s. 316.066, Fla. Stat., requiring a written report of certain vehicular accidents and making those reports, as filed with a traffic records center, public records. The statute goes on to provide that these records may not be used as evidence in a civil or criminal trial.
[21] 372 So.2d 420, 424 (Fla. 1979).
[22] Id.
[23] See also, City of North Miami v. Miami Herald PublishingCompany, 468 So.2d 218 (Fla. 1985) (although the Florida Evidence Code establishes an attorney-client privilege for public and private entities, this evidentiary statute does not remove communications between an agency and its attorney from the open inspection requirements of Chapter 119, Florida Statutes). Cf.,Hillsborough County Aviation Authority v. Azzarelli ConstructionCompany, Inc., 436 So.2d 153, 154 (Fla. 2d DCA 1983) (Florida rule of civil procedure providing a protection for attorney work product does not take precedence over Chapter 119.)