858 So.2d 397 (2003)
David GOLDFARB, physician assistant, Petitioner,
v.
Monica URCIUOLI, as Personal Representative of the Estate of Laurie Yelvington, deceased, Respondent.
No. 1D03-2463.
District Court of Appeal of Florida, First District.
November 6, 2003.
*398 John R. Saalfield, Esquire and Mandy J. Locke, Esquire, Saalfield, Coulson, Shad & Jay, P. A., Jacksonville, for Appellant.
William G. Osborne, Esquire, Orlando; Paul A. Dietrick, Esquire, Dietrick, Evans Scholz & Williams, L.L. C., Atlanta, GA, for Appellee.
PER CURIAM.
David Goldfarb, Petitioner/Defendant, asserts that the trial court departed from the essential requirements of law in denying his motion to dismiss Respondent/Plaintiff Monica Urciuoli's complaint because she failed to comply with the pretrial notice requirements of a medical malpractice suit. The plaintiff, as personal representative of the estate of Laurie Yelvington, served the required presuit notice of intent to initiate litigation on the defendant's former employer. The defendant, a physicians' assistant, argues that notice to his former employer was insufficient to serve notice to him. We agree. Accordingly, because the trial court departed from the essential requirements of the law, we grant the defendant's petition for writ of certiorari and quash the trial court's order.

I.
On a writ of certiorari, this Court reviews the action of the lower court to determine whether the lower court departed from the essential requirements of the law. See Combs v. State, 436 So.2d 93, 95-96 (Fla.1983). Certiorari review is proper to review the denial of a motion to dismiss when chapter 766 presuit requirements are at issue. See Okaloosa County v. Custer, 697 So.2d 1297 (Fla. 1st DCA 1997). Review is proper because to allow a party to fully litigate a suit where the proper presuit requirements were not met would frustrate the purpose of the Medical Malpractice Reform Act. See Sova Drugs, Inc. v. Barnes, 661 So.2d 393, 394 (Fla. 5th DCA 1995).

II.
Section 766.106(2), Florida Statutes (2000), of the Medical Malpractice Reform Act requires a claimant to "notify each prospective defendant ... of intent to initiate litigation for medical malpractice." The prospective defendants that are entitled to notice under this section are the health care providers listed in section 768.50(2)(b), Florida Statutes.[1]See Weinstock v. Groth, 629 So.2d 835, 836-37 (Fla. 1993); Sova Drugs, 661 So.2d at 394. A physicians' assistant certified under chapter 458 is listed in section 768.50(2)(b). See Sova Drugs, 661 So.2d at 394. Therefore, as a certified physicians' assistant, the defendant was entitled to presuit notice.
The "provisions of the Medical Malpractice Reform Act must be met in order to maintain an action against a health care provider." Weinstock, 629 So.2d at 836. *399 Accordingly, if the required presuit notice is not given to a health care provider, the complaint is properly dismissed. Id.; Puentes v. Tenet Hialeah Healthsystem, 843 So.2d 356, 358 (Fla. 3d DCA 2003)(affirming trial court's dismissal of medical malpractice claims against the hospital due to failure to comply with statutory notice requirements).

III.
It is undisputed that at the time of the alleged malpractice, the defendant was employed by the Yeargin Pulmonary Clinic, but that at the time the notice of intent to initiate litigation was mailed to the clinic, he was no longer employed by the clinic. A notice to initiate litigation was not mailed to the defendant prior to the filing of the complaint.
Florida Rule of Civil Procedure 1.650(b)(1) states that the notice of intent to initiate a medical negligence suit "received by any prospective defendant [operates] as notice to the person and any other prospective defendant who bears a legal relationship to the prospective defendant receiving the notice." Because the defendant was no longer in a legal relationship to the clinic, the notice received by the clinic did not operate as notice to the defendant.
The Plaintiff argues that the trial court did not depart from the essential requirements of the law because the court's decision was in accord with Kukral v. Mekras, 679 So.2d 278 (Fla.1996), and Moss v. Stadlan, 789 So.2d 1069 (Fla. 4th DCA 2001). These cases are distinguishable from the instant case because they do not address notice to a former employee.
Therefore, we grant the Petitioner/Defendant's writ of certiorari, quash the trial court's order, and remand with directions to grant the motion to dismiss.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.
NOTES
[1] "Section 768.50(2)(b) was repealed except to the extent that it is incorporated by reference into section 766.102(1)." Weinstock, 629 So.2d at 837 n. 1.