MONACO, J.
The petitioner, Naomi Blom, seeks cer-tiorari relief with respect to two orders abating her claims against an individual physician, Dr. Lonsdorfer, and a hospital, Adventist Health System/Sunbelt, Inc., because of her failure to comply with the medical malpractice pre-suit requirements of section 766.106, Florida Statutes (2004). We dismiss the petition as to the physician because the petitioner failed to file the petition for writ of certiorari within thirty days of rendition of the order to be reviewed, as required by Rule 9.100(c), Florida Rules of Appellate Procedure. We deny the petition as to the hospital for two reasons, both of which are requisites for the issuance of certiorari relief from a non-final order. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Sheridan Healthcorp, Inc. v. Total Health Choice, Inc., 770 So.2d 221, 222 (Fla. 3d DCA 2000). First, we find no departure from the essential requirements of law in the issuance of the subject order by the trial court. Second, Ms. Blom has failed to demonstrate that she will suffer an irreparable injury if the writ is not granted; that is, that there will be no adequate remedy after final judgment.
The facts, as stated by the petitioner, are relatively straight forward. Ms. Blom alleges that she voluntarily admitted herself to the emergency room of the hospital operated by Adventist because of “an adverse reaction that she was having to certain prescribed anxiety medication,” and that “for inexplicable and undocumented reasons,” Dr. Lonsdorfer, “acting in the course and scope of his position as an emergency room physician” at the Adventist hospital, “involuntarily committed (Ms. Blom) without following the lawful and proper procedures set forth in Chapter 394, Florida Statutes.” Part I of Chapter 394 is commonly known as the Baker Act. *213 Ms. Blom also asserts that she was kept against her will at the hospital for three days and was mistreated in a variety of ways by the hospital employees. Finally, she alleges that Dr. Lonsdorfer made libelous statements in a medical record to the effect that Ms. Blom had a history of overdosing.
Dr. Lonsdorfer filed a motion to dismiss the complaint on a number of grounds, including that Ms. Blom failed to comply with the Chapter 766 pre-suit requirements prior to initiating the action. Thereafter, Adventist filed a similar motion. The trial court eventually entered an order abating the case against Dr. Lons-dorfer until Ms. Blom complied with Chapter 766. The trial court later entered an order to like effect with respect to the claim against Adventist. Ms. Blom sought certiorari with respect to both cases, but did so more than thirty days from rendition of the order concerning the claim against Dr. Lonsdorfer in violation of Rule 9.100(c), Florida Rules of Appellate Procedure. As we are without jurisdiction with respect to the relief sought against the physician, we dismiss that petition. See Hofer v. Gil De Rubio, 409 So.2d 527 (Fla. 5th DCA 1982).[1] The petition with respect to the hospital, however, was timely filed.
In order for Ms. Blom to be entitled to certiorari relief against Adventist in connection with the non-final order abating her claim, she was required to demonstrate that: (1) the order to be reviewed constitutes a departure from the essential requirements of law; (2) the order must cause material injury through subsequent proceedings; and (3) the injury must be irreparable (i.e., one for which there will be no adequate remedy after final judgment). See Sheridan Healthcorp. See also Martin-Johnson. The order that Ms. Blom seeks to have reviewed fails at least the first and third tests.
Unquestionably, certiorari may lie to review an order concerning whether the pre-suit requirements of Chapter 766 have been met in a particular case. See, e.g., St. Mary’s Hosp. v. Bell, 785 So.2d 1261 (Fla. 4th DCA 2001); Pearlstein v. Malunney, 500 So.2d 585 (Fla. 2d DCA 1986). Usually such cases as this reach us because the trial court has dismissed the claim for non-compliance. Here, however, the trial court merely abated the cause at the request of Ms. Blom, pending completion of the pre-suit process. As her case was not dismissed, we fail to see how she suffered an irreparable injury. Complying with pre-suit will not cause an injury that cannot be addressed on plenary appeal. If there is no irreparable injury, she fails to meet that requirement for certiorari relief.[2]
Perhaps more importantly, we find no departure by the actions of the trial court from the essential requirements of law. Chapter 766 requires persons seeking to file a complaint for medical negligence to first notify each prospective defendant in the manner prescribed by statute of his or her intent to initiate litigation. Whether a person is required to comply with the pre-suit procedures outlined in Chapter 766 is fundamentally fact-dependent. An inquiry to determine the *214 applicability of the pre-suit process should begin with the statutory definition of a “claim for medical negligence.” See Foshee v. Health Management Asso., 675 So.2d 957, 959 (Fla. 5th DCA), review denied, 686 So.2d 578 (Fla.1996). See also Robbins v. Orlando, Inc., 683 So.2d 664 (Fla. 5th DCA 1996). Chapter 766 defines such a claim as one “arising out of the rendering of, or the failure to render, medical care or services.” Thus, the trial court is first tasked with the responsibility of determining whether the claim arises out of the rendering or failure to render medical care or services. Id. Here, the trial court determined that the ultimate facts contained in the complaint fell within that definition, and that Ms. Blom was required to comply.
It is undoubtedly true that some injuries suffered in a medical facility or inflicted by medical personnel do not arise out of the rendering or failure to render medical care or services. A clear example is offered by St. Mary’s Hosp. v. Bell, 785 So.2d 1261 (Fla. 4th DCA 2001), where a patient’s foot was injured by an employee as a result of simple negligence. See also Lake Shore Hosp., Inc. v. Clarke, 768 So.2d 1251 (Fla. 1st DCA 2000). It is also true that some claims for false imprisonment arising out of Baker Act detentions may likewise fail to meet the definition of medical negligence, and thus, not implicate the pre-suit requirements. See, e.g., Foshee; Everett v. Florida Inst. of Tech., 503 So.2d 1382 (Fla. 5th DCA), dismissed, 511 So.2d 998 (Fla.1987). We agree with the trial court, however, that the allegations of detention made by Ms. Blom place her claim within the lap of medical negligence.
Ms. Blom asserts in her complaint that Dr. Lonsdorfer was “acting in the scope of his position as an emergency room physician” at the hospital run by Adventist at the time that he allegedly committed the tortious act of committing her. Once having been committed, she then alleges that hospital personnel mistreated her in a variety of ways. All of these actions, however, arose out of the purportedly improper mental health commitment that was based on the physician’s medical diagnosis that Ms. Blom met the criteria set forth in the Baker Act. This appears to us to be a claim arising out of the rendering of medical care. As one of the requirements for certiorari relief is that the lower court must have departed from the essential requirements of law in rendering its order— a high burden to meet — and as the abatement order of the trial court in this “fact-dependent” matter appears to have been based on an adherence to the essential requirements of law, we see no basis for granting the petition.
Ms. Blom relies heavily on this court’s opinion in Foshee in support of her position.[3] Foshee, however, is factually quite different from the present case, an important consideration where the result is “fact-dependent.” There, according to the complaint, the plaintiff, who had been suffering from headaches, consulted her physician who directed her to a local hospital. Before she arrived at the hospital, the physician redirected her to University Behavioral Center. She was told to meet a doctor there, but was not informed that he was a psychiatrist or that the Center was a psychiatric facility. When she arrived, she was advised that she could not see the doctor until she was formally admitted. She was given the choice of signing a voluntary admission form or being involuntarily detained under the Baker Act. When she refused voluntary admission, *215 she was physically prevented from leaving. No physician examined her or consulted with her prior to her admission. She was detained for two days and was released only after she refused to sign forms to have her insurance pay the Center. Under the facts of that case, and given the utter disregard of the procedures set forth in the Baker Act, we properly held there that “[t]hese allegations of false imprisonment do not allege any kind of medical malpractice under section 766, Florida Statutes, but do allege an intentional tort.”
In the present case, however, the complaint essentially asserts that the physician was wrong in initiating the detention in connection with his responsibilities under the Baker Act. That is to say, the claim is that the physician was wrong in his diagnosis. Thus, the allegations of the complaint arise out of the rendition of medical care by licensed health care providers and are subject to the professional standards of care described in Chapter 766. See Doe v. HCA Health Servs. of Fla., Inc., 640 So.2d 1177 (Fla. 2d DCA 1994). Indeed, the complaint specifically says that Dr. Lonsdorfer “acting in the course and scope of his position as an emergency room physician at Celebration Health, involuntarily committed Plaintiff,” in violation of the Baker Act. We agree with the trial court that the medical malpractice pre-suit procedures must under these facts be followed. Whether the appellees are liable to Ms. Blom will be determined by whether they are liable under the medical negligence standard set forth in Chapter 766, Florida Statutes.
PETITIONS DENIED.
' THOMPSON and ORFINGER, JJ„ concur.

. Because we have no jurisdiction to review the case against Dr. Lonsdorfer, and because the defamation claim arises only as to him, we do not address the issue of whether the alleged defamation resulting from the physician's writing on a medical record is subject to malpractice pre-suit requirements.

. We have some question concerning whether Ms. Blom can now attack the order since she asked for it to be entered. Nevertheless, we choose to dispose of this matter substantively. Cf., Sierra by Sierra v. Public Health Trust of Dade Co., 661 So.2d 1296 (Fla. 3d DCA 1995).

. Ms. Blom also relies heavily on Liles v. P.I.A. Medfield, Inc., 681 So.2d 711 (Fla. 2d DCA 1995). Although we agree generally with the law discussed there, we note that the opinion does not relate sufficient facts to enable us to compare it with the present case.