PER CURIAM.
 

 Ms. Dirga, as personal representative of the estate of Ethel Braun (estate), appeals the trial court’s order dismissing her complaint against Dr. Butler, an Alabama-licensed physician, for failure to comply with the presuit provisions of chapter 766, Florida Statutes (2003). Because Dr. Butler is not a “health care provider” as defined in section 766.202(4), Florida Statutes, we find that he was not entitled to presuit notice under the Medical Malpractice Reform Act (the Act). For the reasons explained below, we hold that the trial court improperly dismissed the estate’s complaint.
 

 Facts and Procedural History
 

 Dr. Butler is an Alabama-licensed physician. Dr. Butler is not licensed in Florida. In March of 2004, following Ms. Braun’s death, Ms. Dirga, as personal representative, filed a complaint against Dr. Butler alleging medical negligence under the laws of Alabama. The complaint alleged that Dr. Butler had previously treated Ms. Braun. After sustaining fractures from a fall, Ms. Braun was admitted to Andalusia Regional Hospital in Alabama by Dr. Butler. Following her discharge from the hospital, Ms. Braun was transferred to Shoal Creek Rehabilitation Center in Crestview, Florida. Dr. Butler wrote the discharge orders, which included directions to continue the administration of a certain medication daily. After personnel at Shoal Creek administered the medication in accordance with the discharge orders, Ms. Braun was transferred to the emergency room of North Okaloosa Medical Center in Crestview, where she died. The complaint alleges that Ms. Braun died as a consequence of significant reactions due to an overdose of the medication prescribed by Dr. Butler. Dr. Butler moved to dismiss the complaint alleging that the estate failed to comply with the presuit provisions of chapter 766, Florida Statutes (2003).
 

 Merits
 

 We review de novo issues of statutory interpretation.
 
 Griffin v. State,
 
 980 So.2d 1035, 1036 (Fla.2008). Here, the estate asserts that the trial court erred by finding that Dr. Butler was entitled to presuit notice under chapter 766. According to chapter 766, only “prospective defendants” in medical malpractice actions are entitled to presuit notice. § 766.106(2), Fla. Stat. (2003). As explained by the supreme court, “[s]ection 766.106(2) does not define the ‘prospective defendants’ to whom notice must be given.”
 
 Weinstock v. Groth,
 
 629 So.2d 835, 837 (Fla.1993). However, the court reasoned that it was only logical that the “term refers to defendants in a medical malpractice action who are health care providers as defined in
 
 *390
 
 chapter 766.”
 
 Id.
 
 at 837-38. Accordingly, “[t]he prospective defendants that are entitled to notice under this section are the health care providers listed in section 768.50(2)(b), Florida Statutes.”
 
 [1]
 

 Goldfarb v. Urciuoli,
 
 858 So.2d 397, 398 (Fla. 1st DCA 2003).
 

 The term “health care provider” is defined in section 766.202(4), Florida Statutes (2003) as
 

 any hospital, ambulatory surgical center, or mobile surgical facility as defined and licensed under chapter 395; a birth center licensed under chapter 383;
 
 any person licensed under chapter U58,
 
 chapter 459, chapter 460, chapter 461, chapter 462, chapter 463, part I of chapter 464, chapter 466, chapter 467, or chapter 486; a clinical lab licensed under chapter 483; a health maintenance organization certificated under part I of chapter 641; a blood bank; a plasma center; an industrial clinic; a renal dialysis facility; or a professional association partnership, corporation, joint venture, or other association for professional activity by health care providers.
 

 (Emphasis added.) Courts have strictly construed the term “health care provider” as used in medical malpractice actions “in accord with the rule that restrictions on access to the courts must be construed in a manner that favors access.”
 
 See Weinstock,
 
 629 So.2d at 838;
 
 Patino v. Einhorn,
 
 670 So.2d 1179, 1179 (Fla. 3d DCA 1996). In
 
 Sova Drugs, Inc. v. Barnes,
 
 661 So.2d 393, 395 (Fla. 5th DCA 1995), the Fifth District followed the guidance of the supreme court and held that in the absence of their inclusion in the definition of “health care provider,” the legislature did not intend for pharmacists and pharmacies to be given presuit notice under the Act. The Third District applied similar reasoning in
 
 Patino v. Einhorn,
 
 670 So.2d 1179 (Fla. 3d DCA 1996). In
 
 Patino,
 
 the court held that because optometrists were not enumerated within the definition of “health care provider,” presuit notice was not required.
 
 [2]
 

 Id.
 
 at 1179-80.
 

 Under chapter 766, the legislature specifically enumerated the classes of providers entitled to presuit notice, including physicians licensed under chapter 458. Chapter 458, entitled “Medical Practice,” governs the licensure of physicians in Florida, among other things.
 
 See
 
 ch. 458, Fla. Stat. (2003). Dr. Butler urges this court to view the term “licensed under chapter 458” as a mere shorthand by the legislature for physicians, including out-of-state physicians. We reject this argument. The language of the statute is clear and unambiguous; it defines “health care provider” as “any person licensed under chapter 458,” among other things. In addition, in other provisions of Florida law, the legislature has demonstrated that it knows how to identify physicians licensed in other jurisdictions. For example, section 465.003(13), Florida Statutes (2003) refers to health care providers specifically licensed under certain Florida Statutes “or [a] similar statutory provision in another jurisdiction”; and section 458.303(l)(b), Florida Statutes (2003), refers to “[a]ny physician lawfully licensed in another state or territory or foreign country.” Had the legislature intended to broaden the scope
 
 *391
 
 of “health care provider” in chapter 766, to apply to out-of-state physicians, it could have used such language. It did not.
 

 Given the unambiguous language of section 766.202(4), Florida Statutes, and Florida courts’ strict construction of limitations on access to courts, we hold that out-of-state physicians are not health care providers entitled to presuit notice under chapter 766. Accordingly, we reverse the trial court’s order dismissing the complaint against Dr. Butler, an Alabama physician, because he is not a health care provider as defined in chapter 766.
 

 REVERSED and REMANDED for further proceedings.
 

 KAHN, ROWE, and MARSTILLER, JJ., concur.
 

 [1]
 

 . Section 768.50(2)(b) entitled "Collateral sources of indemnity,” was repealed except to the extent that it is incorporated by reference into section 766.102(1), Florida Statutes (1991).
 
 Weinstock v. Groth,
 
 629 So.2d 835, 836 n. 1 837 (Fla.1993). In 2003, section 766.102(1) was updated to reference the newly-added definition of “health care provider” in section 766.202(4). Ch. 2003-416, § 48, at 58, Laws of Fla.
 

 [2]
 

 . Chapter 463, Optometry, was added to the definition of health care provider in 2003. Ch. 2003-416, § 58, at 75-76, Laws of Fla.