PALMER, J.
In this wrongful death action, Jean Pierrot appeals the trial court’s order dismissing with prejudice the count of his complaint against Osceola Mental Health, Inc., d/b/a Park Place Behavioral Health Care (Park Place).[1] Determining that the court erred in dismissing the claim for failure to comply with Florida’s medical malpractice presuit requirements, we reverse.
A trial court’s ruling on a motion to dismiss based on a question of law is reviewed de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000).
Pierrot’s complaint alleged the following facts. Farrah Krystle Jean, a 25-year-old pregnant woman, went to a hospital in the afternoon with complaints of pain. That evening, the hospital “Baker Acted”[2] Jean and transferred her involuntarily to Park Place. When she arrived, Jean was in distress, complaining of severe abdominal pain and other symptoms. Over the next two days, Park Place employees committed various acts and omissions that resulted in Jean’s death. The complaint alleged a wrongful death claim for violations of Jean’s rights as a patient under the Baker Act,[3] and stated that Pierrot was not seeking damages under Florida’s Medical Malpractice Act.[4]
Park Place moved to dismiss Pierrot’s wrongful death claim, arguing that the claim was one for medical malpractice and that Pierrot had failed to comply with the presuit requirements of the Medical Malpractice Act. These requirements include investigation by the parties and notice to the prospective defendant. See §§ 766.104, .106, .203, Fla. Stat. (2010). *493 The trial court dismissed Pierrot’s claim with prejudice, ruling that the gravamen of the claim was that Park Place failed to properly respond to Jean’s physical symptoms of severe abdominal pain, and therefore, the claim was inescapably one for medical negligence. Further, the court ruled that Pierrot could not avoid the pre-suit requirements of the Medical Malpractice Act by pleading the claim under the Baker Act.
On appeal, Pierrot argues that a plaintiff claiming only violations of a mental health patient’s rights under the Baker Act is not required to comply with the medical malpractice presuit requirements. Additionally, Pierrot contends that the presuit requirements do not apply to his claim because Park Place was not a health care provider. We agree with both arguments.
The presuit requirements of Florida’s Medical Malpractice Act restrict plaintiffs’ constitutional right of access to courts, so the requirements’ applicability must be construed narrowly in favor of access. See Integrated Health Care Servs., Inc. v. Lang-Redway, 840 So.2d 974, 980 (Fla.2002); Weinstock v. Groth, 629 So.2d 835, 838 (Fla.1993). For the requirements to apply, the claim must be for medical malpractice. See J.B. v. Sacred Heart Hosp. of Pensacola, 635 So.2d 945, 948-49 (Fla.1994); Joseph v. Univ. Behavioral LLC, 71 So.3d 913, 917 (Fla. 5th DCA 2011); Blom v. Adventist Health Sys./Sunbelt, Inc., 911 So.2d 211, 213-14 (Fla. 5th DCA 2005). Also, the defendant must be a health care provider. See Weinstock, 629 So.2d 835; Sova Drugs, Inc. v. Barnes, 661 So.2d 393 (Fla. 5th DCA 1995). Neither of these elements was present here.
First, Pierrot’s claim was not for medical malpractice. The primary test for whether a claim is one for medical malpractice is whether the claim relies on the application of the medical malpractice standard of care. See Weinstock, 629 So.2d at 838; Joseph, 71 So.3d at 917; GalenCare, Inc. v. Mosley, 59 So.3d 138, 141-43 (Fla. 2d DCA 2011). Thus, when a claim relies on a different standard provided by another statute, the claim is not one for medical malpractice for purposes of the presuit requirements. See Integrated Health Care Servs., Inc. v. Lang-Redway (Integrated I), 783 So.2d 1108 (Fla. 2d DCA 2001), approved, 840 So.2d 974 (Integrated II) (Fla.2002).
In Integrated I, the plaintiff sued a nursing home, alleging a claim for violation of nursing home residents’ rights under section 400.022, Florida Statutes. The complaint alleged that the decedent suffered from pressure sores while residing at the nursing home. He ultimately had his left leg and right big toe amputated. The relevant portion of section 400.022 gave residents
[t]he right to receive adequate and appropriate health care and protective and support services, including social services; mental health services, if available; planned recreational activities; and therapeutic and rehabilitative services consistent with the resident care plan, with established and recognized practice standards within the community, and with rules as adopted by the agency.
§ 400.022(1)(Z), Fla. Stat. (1997). The nursing home moved to dismiss the complaint, arguing that the plaintiff was required to comply with the medical malpractice presuit requirements. The Second District disagreed, holding:
[A] plaintiff who chooses to allege only a statutory claim under section 400.022 ... is not required to comply with the presuit requirements of section *494 766.106.... Although there may be some overlap between the [section 400.022(1)(£) ] statutory right to “receive adequate and appropriate health care” and the common law claim for medical negligence, we conclude that the presuit requirements of chapter 766 must be narrowly construed to apply only to common law medical negligence claims and not to the separate statutory rights created by chapter 400.
Id. at 1109. The court explained:
Florida’s policies favoring access to courts ... weigh against interpreting the presuit conditions in chapter 766 to regulate statutory rights not mentioned in chapter 766. Nothing in section 766.106 compels this court to read that statute in an expansive manner to include claims filed under section 400.022(l)(i).
Id. at 1111. The Florida Supreme Court approved the Second District’s decision, agreeing that the presuit requirements did not apply because the claim did not rely on the medical malpractice standard of care. Integrated II, 840 So.2d at 980-81.[5]
Similarly, the Baker Act provides several statutory standards of care applicable to specific patient rights. See § 394.459, Fla. Stat. (2008). Pierrot’s claim against Park Place relies exclusively on these standards. Although there may be some overlap between the medical aspects of Baker Act patients’ rights and a cause of action for medical malpractice, the presuit requirements must be construed narrowly to apply only to malpractice claims, not to separate statutory claims.
Second, the trial court erred in dismissing Pierrot’s claim because Park Place was not a health care provider. A defendant is a “health care provider” for purposes of the presuit requirements only if the defendant is included within the applicable definitions of that term within the Medical Malpractice Act. See Weinstock v. Groth, 629 So.2d 835 (Fla.1993). Because the Act contains several definitions of health care provider, the definition that applies depends on which section of the Act is at issue. See Sova Drugs, Inc. v. Barnes, 661 So.2d 393, 395 (Fla. 5th DCA 1995).
The presuit requirements are set forth in sections 766.104, .106, and .203. Sections 766.104 and .106 do not contain a definition of health care provider.[6] However, in Weinstock, our supreme court resolved this omission by looking at the whole of chapter 766’s definitions to determine whether the defendant was a health care provider. Weinstock, 629 So.2d at 836-37. Here, according to the complaint, Park Place was a mental health facility licensed under chapter 394. Cf. §§ 394.461, .4612. This type of entity is not listed in any of chapter 766’s definitions, nor is it apparent from the complaint that Park Place otherwise met any of the descriptions in those definitions.
Section 766.203 is governed by the definition of health care provider in section 766.202(4). See § 766.202. Section *495 766.202(4) does not list mental health facilities licensed under chapter 394, and it is likewise not apparent that Park Place otherwise met that section’s definition. Thus, viewing the allegations of the complaint in the light most favorable to Pierrot as the plaintiff, see Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734-35 (Fla. 2002), Park Place failed to establish that it was a health care provider for purposes of the presuit requirements. See Rolle v. Brevard County, No. 6:06-cv-714-ORL-19JGG, 2007 WL 328682, at *1-2, *12 (M.D.Fla. Jan.31, 2007) (holding that where it was unclear from complaint whether mental health professional who provided services to decedent was included in chapter 766, court had to view complaint in light most favorable to plaintiffs, and court would deny motion to dismiss for failure to comply with presuit requirements).
REVERSED and REMANDED.
ORFINGER, C.J., and GRIFFIN, J., concur.

.Appellate jurisdiction is proper because the court dismissed the only count against defendant Park Place. Robert Granoff Corp. v. United First Fed. Sav. & Loan Assoc. of Sarasota, Fla., 424 So.2d 199 (Fla. 5th DCA 1983); Clermont Builders Supply, Inc. v. Gen. Constr. & Design, Inc., 423 So.2d 518 (Fla. 5th DCA 1982).

. The Baker Act provides for involuntary commitment of persons based on mental illness. See Ch. 394, Pt. I, Fla. Stat. (2008).

. See § 394.459.

.Chapter 766.

. Although the Supreme Court limited its holding to claims under section 400.022, id. at 980 n. 9, we conclude that the same rule applies to claims under other statutory standards of care.

. Subsection (3) of section 766.104 references section 456.00 l’s definition of "health care practitioner.” However, subsection (3) references that definition not for the purpose of defining the types of defendants to which the plaintiff's presuit requirements apply, but for the purpose of defining the types of entities that must make available medical records of a decedent. In any event, section 456.001(4)'s definition does not include a mental health facility licensed under chapter 394, which is what the complaint alleged Park Place was here.