# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2015
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D15-753 & 3D15-747
Lower Tribunal No. 15-256

————————

**Mayor Wayne Slaton & Town of Miami Lakes,**
Appellants,

vs.

**Michael A. Pizzi, Jr., et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Akerman and Gerald B. Cope, Jr., Elizabeth M. Hernandez, Katherine E. Giddings and Ryan D. O'Connor; Raul Gastesi, Jr. and Haydee Sera; Kurkin Brandes and Juan Carlos Planas, for appellants.

Benedict P. Kuehne and Michael T. Davis; Kent Harrison Robbins; Peckar & Abramson and Ralf R. Rodriguez; Jones Walker, Edward R. Shohat and Joshua E. Young (Tallahassee); Reiner & Reiner and David P. Reiner, II, Monica Tirado and Chelsea Silvia; Messer Caparello and Mark Herron (Tallahassee); Carlton Fields Jorden Burt and Peter D. Webster, for appellees.

Before SHEPHERD, C.J., and SALTER and FERNANDEZ, JJ.

SALTER, J.

Wayne Slaton and the Town of Miami Lakes appeal a final declaratory judgment in favor of Michael A. Pizzi, Jr., determining that Pizzi is entitled to resume his duties as Mayor of the Town of Miami Lakes for the balance of his original term of office.[1] We affirm, concluding that section 112.51, Florida Statutes (2013), applied to the temporary suspension of Pizzi by the Governor of Florida in August 2013.

Mayor Pizzi's suspension occurred when he was charged with federal crimes allegedly committed in his official capacity. Following a jury trial, Mayor Pizzi was acquitted on all charges in August 2014. His original term has not expired, and he is entitled, as a matter of Florida law, to resume his official duties as Mayor until the conclusion of the term for which he was originally elected.

I.    Background

The facts are undisputed. The case turns on issues of law subject to de novo review. The procedural history has been complicated; particular issues were presented to the Governor of Florida and the Supreme Court of Florida before the present case was filed in the Miami-Dade Circuit Court. That said, the harmonization of the pertinent provisions of the Florida Constitution, Florida Statutes, and the Town of Miami Lakes Charter is not complex.

_____

[1] The judgment also denied motions for summary judgment by the appellants.

Michael A. Pizzi, Jr., was elected Mayor of the Town of Miami Lakes in November 2012 to a four-year term. In August 2013, Pizzi was arrested on federal felony charges. Pizzi was suspended from office by the Governor, until further executive order. Fla. Exec. Order No. 2013-217 (Aug. 6, 2013). In October 2013, Wayne Slaton was elected Mayor of the Town, to fill the vacancy,[2] in keeping with section 2.5(c)(iv) of the Town Charter. That section provides:

> If the Mayor's position becomes vacant and six months or more remain in the unexpired term, a special election shall be held for the election of a new Mayor within 90 calendar days following the occurrence of the vacancy. Pending the election, the office of Mayor shall be filled by the Vice-Mayor. The Council shall then appoint a new Vice-Mayor. No temporary Council appointment shall be made.

In August 2014, Pizzi was acquitted of the federal charges. He immediately requested the Governor to revoke the suspension. The Governor declined to revoke the suspension, based on his counsel's review of the Miami Lakes Town Charter "in consultation with the Miami Lakes Town attorney." Pizzi then filed a petition for writ of mandamus with the Supreme Court of Florida to compel the Governor to revoke Executive Order 2013-217. Pizzi's petition did not implead Slaton or the Town as parties, nor did it seek restoration to office in that forum.

The Supreme Court found that "upon acquittal of criminal charges, the Governor has a mandatory duty to revoke the order that authorized the municipal

---

[2]   Section 2.5(a) of the Town Charter specifies that the office of the Mayor becomes vacant upon the occurrence of certain events, including "suspension or removal from office in any manner authorized by law."

3

officer's suspension." Pizzi v. Scott, 40 Fla. L. Weekly S3, S3 (Fla. Dec. 22, 2014). The Governor revoked the suspension, but did not restore Pizzi to office. Fla. Exec. Order No. 2014-327 (Dec. 22, 2014). The Town also did not restore Pizzi to office, based on its assertion that Charter section 2.5(c)(iv) caused Pizzi's term to expire upon Slaton's election.

Pizzi then sued the Town and Slaton in the Miami-Dade Circuit Court for declaratory and injunctive relief, *quo warranto* and ouster, seeking to be restored to his official duties and allowed to complete his term. The Town and Slaton filed motions to dismiss, asserting that the Governor had to be joined as an indispensable party. The trial court denied the motions.

Both sides filed motions for summary judgment. The trial court granted Pizzi's motion and denied the Town's and Slaton's motions. The trial court concluded that Pizzi was not entitled to *quo warranto* relief or ouster, since Slaton had been legally elected. However, it found that Pizzi was entitled to declaratory relief. The trial court concluded that section 112.51(6), Florida Statutes, required the Governor, upon acquittal of a suspended official, to "forthwith revoke the suspension and restore such municipal official to office . . . ."

The Town argued that its Charter provided for the expiration of the suspended mayor's term, so that under section 112.51, Pizzi could not be reinstated. However, the trial court determined that the Charter could not be

4

interpreted to conflict with section 112.51. It found that Pizzi's term of office will expire in 2016, and that Pizzi was entitled to be restored to the position of Mayor, to the exclusion of Slaton, to serve the balance of Pizzi's original term.

The trial court entered a final declaratory judgment in Pizzi's favor, but stayed the judgment for thirty days pending appeal. This appeal followed.

II.     Analysis

The current Town Charter of Miami Lakes was enacted in 2000 in accordance with Article VIII, section 2, of the Florida Constitution and the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes. At the time the Town Charter was adopted, Florida's constitutional and statutory provisions governing the suspension of municipal officers charged with certain crimes, and their restoration to office or removal from office based on subsequent innocence or guilt (and on the timing of such a determination), had been in place for many years.

Article IV, section 7(c), of the Florida Constitution states:

(c)  By order of the governor any elected municipal officer indicted for crime may be suspended from office until acquitted and the office filled by appointment for the period of suspension, not to extend beyond the term, unless these powers are vested elsewhere by law or the municipal charter.

The Legislature provided additional detail in section 112.51, Florida Statutes, entitled "Municipal officers; suspension; removal from office." The

5

parties are on common ground that the Governor had the power under section 112.51(2) to suspend Pizzi from office following Pizzi's arrest on the federal charges. The parties also agree that the suspension created "a temporary vacancy in such office" under the first sentence of section 112.51(3), though they disagree whether "during the suspension" (in the same first sentence) is supplanted by the Town Charter. Finally, they agree that a special election was appropriate to address the vacancy caused by Pizzi's suspension. At that point, however, the parties diverge in their assessment of the interplay between section 112.51 and the Town Charter, and regarding the effect of the special election. The provisions of section 112.51 that guide the determination of this dispute are paragraphs (3) through (6) of the statute:

> (3) The suspension of such official by the Governor creates a **temporary vacancy** in such office during the suspension. Any **temporary vacancy** in office created by suspension of an official under the provisions of this section shall be filled by a temporary appointment to such office for the period of the suspension. **Such temporary appointment shall be made in the same manner and by the same authority by which a permanent vacancy in such office is filled as provided by law.** If no provision for filling a permanent vacancy in such office is provided by law, the temporary appointment shall be made by the Governor.
>
> (4) No municipal official who has been suspended from office under this section may perform any official act, duty, or function **during his or her suspension**; receive any pay or allowance **during his or her suspension**; or be entitled to any of the emoluments or privileges of his or her office **during suspension**.
>
> (5) If the municipal official **is convicted** of any of the charges

6

contained in the indictment or information by reason of which he or she was suspended under the provisions of this section, **the Governor shall remove such municipal official from office**. If a person was selected to fill the temporary vacancy pursuant to subsection (3), **that person shall serve the remaining balance, if any, of the removed official's term of office**. Otherwise, any vacancy created by the removal shall be filled as provided by law. For the purposes of this section, any person who pleads guilty or nolo contendere or who is found guilty shall be deemed to have been convicted, notwithstanding a suspension of sentence or a withholding of adjudication.

(6) If the municipal official is **acquitted** or found not guilty or is otherwise cleared of the charges which were the basis of the arrest, indictment, or information by reason of which he or she was suspended under the provisions of this section, **then the Governor shall forthwith revoke the suspension and restore such municipal official to office**; and the official shall be entitled to and be paid full back pay and such other emoluments or allowances to which he or she would have been entitled **for the full period of time of the suspension**. **If, during the suspension, the term of office of the municipal official expires and a successor is either appointed or elected, such back pay, emoluments, or allowances shall only be paid for the duration of the term of office during which the municipal official was suspended** under the provisions of this section, and he or she shall not be reinstated.

(Emphasis provided).

The Town and Slaton maintain that the Charter did not provide for the "appointment" of a mayor to fill the "temporary vacancy," because the position became vacant at a time when six months or more remained in Pizzi's unexpired term. Under section 2.5(c)(iv) of the Town Charter, that circumstance required that "a special election shall be held for the election of a new Mayor within 90 days following the occurrence of the vacancy." The Town and Slaton argue that

7

the term "new Mayor" means that, upon Slaton's election, Pizzi's term necessarily expired. Pizzi responds that the Town Charter does not say that; that Slaton's term was only to fill a "temporary vacancy" as contemplated by section 112.51(3); and that the result proposed by the Town and Slaton would preclude a municipal officeholder from restoration to office for the unexpired term after revocation of a "suspension." Pizzi argues that the "removal" of the suspended officeholder only occurs upon a conviction under section 112.51(5), and is by law a power of the Governor (not the Town).

"In construing statutes, [this Court] first consider[s] the plain meaning of the language used. When the language is unambiguous and conveys a clear and definite meaning, that meaning controls unless it leads to a result that is either unreasonable or clearly contrary to legislative intent." J.M. v. Gargett, 101 So. 3d 352, 356 (Fla. 2012) (quoting Tillman v. State, 934 So. 2d 1263, 1269 (Fla. 2006)) (alterations in original). In the present case, the terms "suspend" and "suspension" have plain meanings. Ignoring the meanings associated with suspension bridges and suspenders ("hung up"), the words connote interruption or temporary withdrawal "from any privilege, office or function."[3] As applied to a municipal officer and a term of office, these meanings are plainly and logically inconsistent with removal from office, permanent displacement by another officer, or expiration

---

[3] Webster's Third New Int'l Dictionary 2303 (1st ed. 1986).

8

of a term.

The overarching mechanism established by Article IV, section 7, of the Florida Constitution and section 112.51(3) is: the officerholder charged with specified types of crime will be unable to exercise the duties of office pending resolution of the charges. If convicted, the Governor **shall** remove the suspended officer from office. § 112.51(5) (emphasis provided).[4] Had Pizzi been convicted, this would have been the outcome and Slaton would have remained in office to finish "the remaining balance" of Pizzi's term. But under the Town's and Slaton's interpretation, this same result must follow despite Pizzi's acquittal.

The constitutional provision refers to an officeholder "suspended from office until acquitted." The statute specifies, in section 112.51(6), that a suspended officeholder who is acquitted (of the charges that were the basis for the suspension) is entitled to the revocation of the suspension by the same state official who suspended the officeholder—the Governor—and to be "restored" to the office. The Town Charter does not preclude such a result.

A.     "New" Mayor

The Town and Slaton argue that the term "New" Mayor in section 2.5(c)(iv)

_____

[4]   Indeed, under the Town's and Slaton's arguments, it would not have been necessary for the governor to "remove" Pizzi from office if convicted, because Slaton's election would have accomplished that result ten months before his trial and acquittal. To the contrary, section 112.51(5) makes it clear that the suspended officeholder remains in office, but is not permitted to perform official duties, pending conviction and removal.

9

conferred upon Slaton, following the special election, all powers previously exercised by Pizzi, **and for Pizzi's entire remaining term of office** regardless of the outcome of Pizzi's prosecution. The pertinent part of that section states "If the Mayor's position becomes vacant and six months or more remain in the unexpired term, a special election shall be held for the election of a new Mayor within 90 calendar days following the occurrence of the vacancy." The Charter provision does not address the term of the "New" Mayor, nor does it purport to override any aspect of the constitutional or statutory provisions relating to a suspended mayor's right to be restored to office following an acquittal.[5] Slaton was indeed the "new Mayor" following the special election, but that did not address the conditional nature (and potentially temporary term) of Slaton's service in that capacity.

### B. Positions Taken by the Governor and Supreme Court of Florida

The Town and Slaton also argue that the Governor and Supreme Court of Florida accepted their interpretation of the Town Charter. We disagree. First, Pizzi's mandamus petition only sought revocation of the August 2013 Executive

---

[5]   Pizzi has argued that the constitutional and statutory provisions on suspension/restoration to office preempt any Charter provision to the contrary. We do not address that issue in detail, as it is possible to read all three texts in a manner allowing full effect to be given to each. We also conclude that the Town Charter was enacted long after section 112.51 was in place, such that any attempt within the Charter to abrogate the provisions of that statute on suspension and removal would have been explicit. If unable to harmonize the Town Charter provisions with the constitutional and statutory provisions, however, we would hold that the latter provisions preempt conflicting provisions of the Town Charter. Art. VIII, § 6, Fla. Const. (1968), reenacting Art. VIII, § 11(5), Fla Const. (1885).

10

Order suspending Pizzi; he did not request the Supreme Court to direct the Governor to restore Pizzi to office. Second, the Town and Slaton were not respondents in the Supreme Court, nor did they seek to intervene as parties. Finally, the Governor's and Supreme Court's declinations to order a municipality's governing body or local court to take action demonstrate restraint rather than any endorsement of the Town's and Slaton's position.

Neither the Governor nor the Supreme Court of Florida reached or decided the legal question of Pizzi's right to be restored to office for the balance of his term. The trial court, as a court of original jurisdiction in the Town's judicial circuit, correctly determined that issue.

III.    Conclusion

We affirm the final declaratory judgment determining that "Mr. Michael Pizzi is entitled to resume his duties as Mayor of the Town of Miami Lakes, to perform all official acts, duties or functions of the office of Mayor of Miami Lakes immediately; and to receive all back pay, allowances, benefits, emoluments, or privileges of the office" from the date of suspension "to the present, effective immediately." We also affirm the trial court's denial of the Town's and Slaton's motions for summary judgment.

The trial court stayed its judgment through April 30, 2015. The Town and Slaton have jointly moved for an extension of that stay. By separate order we are

11

granting that motion through the time this Court's mandate issues. In recognition, however, that (a) the Town, its citizens, and Messrs. Pizzi and Slaton deserve expeditious closure on these issues, and (b) the underlying issues are legal matters that have already been extensively briefed by experienced counsel, we are directing expedited submission of, and responses to, any further motions directed to this Court which would extend the time for the issuance of the mandate.[6]

Any such motion shall be filed and served within five business days of the date of this opinion; and any response to such a motion shall be filed and served within five business days thereafter. No reply is authorized.

Affirmed.

---

[6] Fla. R. App. P. 9.330, 9.340(b).