# Third District Court of Appeal

## State of Florida

Opinion filed April 28, 2015.

_____

No. 3D15-0905
Lower Tribunal No. 15-7661
_____

**Jose M. Diaz,**
Appellant,

vs.

**Orlando Lopez, et al.,**
Appellees.

_____

Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Kurkin Brandes LLP, and Juan-Carlos Planas, for appellant.

R.A. Cuevas, Jr., Miami-Dade County Attorney, and Oren Rosenthal and Michael B. Valdes, Assistant County Attorney, for appellee Penelope Townsley; Jose M. Herrera; Denise V. Powers, for appellee Orlando Lopez; Rafael Ventura, City Attorney, for appellees City of Sweetwater and Marie O. Schmidt.

Before SALTER, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant Jose Diaz ("Diaz"), a defendant below, appeals a final judgment in favor of Appellee and plaintiff, Orlando Lopez ("Lopez"). The final judgment disqualifies Diaz as a candidate for the office of mayor of the City of Sweetwater. Because Florida's resign-to-run law required Diaz to resign his interest in his Sweetwater city commission seat (an interest Diaz retained when he became Sweetwater's mayor), we affirm the trial court's judgment.

## I. Facts

Manuel Maroño was elected to a two-year term as Sweetwater mayor in May of 2013. That term ends on May 12, 2015. After Maroño was indicted on federal corruption charges, the Governor suspended him from office on August 6, 2013, pursuant to section 112.51(2) of the Florida Statutes.[1]

Subsequently, on January 24, 2014, after Maroño pled guilty to the charges, the Governor removed Maroño from office pursuant to section 112.51(5).[2]

---

[1] Section 112.51(2) reads, in its entirety, as follows: "Whenever any elected or appointed municipal official is arrested for a felony or for a misdemeanor related to the duties of office or is indicted or informed against for the commission of a federal felony or misdemeanor or state felony or misdemeanor, the Governor has the power to suspend such municipal official from office."
§112.51(2), Fla. Stat. (2013).

[2] Section 112.51(5) reads, in pertinent part, as follows: "If the municipal official is convicted of any of the charges contained in the indictment or information by reason of which he or she was suspended under the provisions of this section, the Governor shall remove such municipal official from office. . . . For the purposes of this section, any person who pleads guilty or nolo contendere or who is found guilty shall be deemed to have been convicted, notwithstanding a suspension of sentence or a withholding of adjudication."

The Sweetwater Charter establishes a set of procedures for filling a vacancy in the mayor's office. Section 4.07 of the Charter provides that, when the office of mayor becomes vacant, the president of the city commission, at his or her option, assumes the office of mayor.[3]

Shortly after the Governor suspended Maroño in 2013, Diaz, then the president of the Sweetwater city commission, opted to fill the vacancy created by Maroño's suspension, pursuant to the terms of Charter section 4.07. Then, upon

---

§112.51(5). Fla. Stat. (2014).

[3] In its entirety, Charter section 4.07, titled "Vacancy in office of mayor," states: "If as a result of the death, disability, resignation or forfeiture the office of mayor becomes vacant, the president of the city commission shall assume the office of mayor and the vice-president of the commission shall assume the commission presidency. If the commission president determines he does not wish to assume the office of mayor, then the commission shall choose from among its members the mayor. The person filling the vacancy shall serve until the next municipal election.

In the event there is a vacancy in the office of the mayor and there exist extraordinary vacancies as set forth in section 3.07(d) of the Charter then a special election shall be held to fill the vacancy in the mayor's office, as provided in section 3.07(4) [sic] of the Charter. However, if the president of the commission is not one of the extraordinary vacancies, then the president of the commission shall become the mayor and serve as provided by this section. The commission vacancy created by the ascension of the president of the commission to the office of mayor shall be filled in accordance with section 3.07(4) [sic] of the Charter. The person who fills the commission vacancy created by the ascension of the president of the commission to the office of the mayor shall serve until the mayor is reinstated or the term expires whichever comes first. The president of the commission who filled the vacancy of the mayor, shall be entitled to return to his former commission seat upon the reinstatement or expiration of the term of mayor."

3

Maroño's removal from office in January of 2014, Diaz was entitled to complete the remainder of Maroño's unexpired term (i.e. through and until May 12, 2015).

Once Diaz became mayor, the city commission's vice-president became city commission president, and Diaz's seat on the city commission had to be filled. Pursuant to sections 3.07 and 4.07 of the Sweetwater Charter, a majority of the remaining commissioners appointed Catalino Rodriguez to fill Diaz's commission seat.[4]

Under this succession scheme, Rodriguez's term on the city commission paralleled Diaz's term as mayor. Upon the May 12, 2015 expiration date of the mayor's term, Diaz is entitled to return to his city commission seat (the term of which expires in May of 2017) and resume as president of the city commission, and the city commission term of Rodriguez will end.

On March 18, 2015, Diaz filed paperwork with the Sweetwater City Clerk to qualify to run in the May 12, 2015 election for Diaz's own term as mayor.

This paperwork included a sworn "Affidavit of Candidate" eliciting information about the candidate's qualifications. In paragraph 12 of the

_____

[4] In pertinent part, Charter section 3.07(c)(4) states: "If the vacancy is created by reason of suspension a majority of the commissioners shall within ninety (90) days of the vacancy fill the vacancy with an eligible elector who meets all the requirements under the City Charter. If the commissioners are unable to fill the vacancy, then a special election shall be held to fill the vacancy. Whether the vacancy is filled by special election or by appointment, the individual filling the vacancy shall serve until the incumbent is reinstated or the term expires, whichever comes first."

Affidavit, the candidate is asked whether he or she currently holds "another elective or appointive office." Diaz did not complete this section of the Affidavit.

Diaz did not resign his interest in his city commission seat prior to, or contemporaneously with, submitting his qualifying paperwork.

Appellee Lopez is also a candidate for mayor in the May 12, 2015 election. On April 1, 2015, Lopez filed a petition[5] for declaratory and injunctive relief, essentially seeking to have Diaz disqualified as a candidate for Sweetwater mayor. Lopez alleged that, pursuant to Florida's resign-to-run law,[6] Diaz was required to resign Diaz's interest in his city commission seat (the term of which expires in May of 2017) in order to qualify to run for the mayoral term beginning on or about May 13, 2015.[7]

To expedite this elections case, the trial court set a hearing for April 20, 2015. Prior to that date, the trial court received the responsive pleadings of the

---

[5] The trial court amended the petition by interlineation to replace "Petition" with "Complaint," and "Petitioner" and "Respondents" with "Plaintiff" and "Defendants," respectively.

[6] In pertinent part, Florida's resign-to-run law provides: "No officer may qualify as a candidate for another state, district, county, or municipal public office if the terms or any part thereof run concurrently with each other without resigning from the office he or she presently holds."
§ 99.012(3)(a), Fla. Stat. (2015).

[7] In addition to Diaz, Lopez named as Respondents Marie O. Schmidt, the Sweetwater City Clerk, and Penelope Townsley, the Miami-Dade County Supervisor of Elections, due to their ministerial duties in conducting the mayoral election.

parties, including Diaz's motion for summary judgment. At the start of the April 20th hearing, the trial court advised the parties that the trial court was prepared to issue a final order based on the submissions it had received. The trial court asked whether any of the parties had additional information the trial court should consider. None of the parties proffered additional documents or testimony. On April 20, 2015, the trial court rendered its final order granting Lopez's complaint for declaratory and injunctive relief.

The order held that Florida's resign-to-run law applied to Diaz and required that Diaz resign his interest in his Sweetwater city commission seat in order to qualify to run for Sweetwater mayor. The trial court reasoned that, by virtue of section 4.07 of the Sweetwater Charter, Diaz was entitled to return to his city commission seat upon the expiration of the current mayoral term. Because the term of Diaz's city commission seat runs concurrently with the term of the office of mayor that Diaz was seeking, Florida's resign-to-run law required Diaz to resign in a timely fashion from his city commission seat, which Diaz did not do.

Consistent with state guidelines concerning candidates disqualified after ballots are printed, the trial court ordered the Supervisor of Elections to include in absentee ballot mailings a notice that Diaz had been disqualified. In order to allow Diaz the opportunity to appeal and seek a stay pending appellate review, the trial

6

court stayed its order until April 21, 2015, which had the effect of delaying the mailing of absentee ballots.

Diaz immediately appealed the trial court's final order. We granted an emergency temporary stay of the trial court's order, and, given the urgency of the Supervisor of Elections having to mail absentee ballots as soon as possible (so as to be received, voted, and returned prior to counting on May 12, 2015), we entered orders accelerating briefing and oral argument.

## II. Standard of Review

In this case we are called upon to reconcile section 4.07 of the Sweetwater Charter with Article II, Section 5(a) of the Florida Constitution[8] and section 99.012 of the Florida Statutes. As our analysis is based purely on the legal interpretation of the relevant provisions, the trial court's conclusions are subject to de novo review. West Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8 (Fla. 2012). We affirm, without further elaboration, the expedited procedures employed by trial court in adjudicating the case.

## III. Analysis

### A. *Florida's Resign-To-Run Law*

---

[8] The relevant provision of Florida's prohibition on dual office-holding reads as follows: "No person shall hold at the same time more than one office under the government of the state and the counties and the municipalities therein[.]" Art. II, § 5(a), Fla. Const.

The purpose of Florida's resign-to-run law is to prevent persons who are running for a position to have the "safe haven" of a current position to which the candidate can retreat in the event the candidate is unsuccessful. Ruiz v. Farias, 43 So. 3d 124, 127 (Fla. 3d DCA 2010).

Florida's resign-to-run law states, in relevant part, that "[n]o officer may qualify as a candidate for another . . . municipal office if the terms or any part thereof run concurrently with each other without resigning from the office he or she presently holds." § 99.012(3)(a), Fla. Stat. (2015).[9] Sweetwater Charter section 6.09 expressly incorporates the resign-to-run law.

While Sweetwater's upcoming mayoral term obviously does not run concurrently with Maroño's term, the new mayoral term does run concurrently with the remaining two years of Diaz's term on the city commission.

Hence, the issue before this Court is whether Diaz's interest in his city commission seat, as established in section 4.07 of the Sweetwater Charter, constitutes "an office [Diaz] presently holds" so as to implicate, and require Diaz to comply with, Florida's resign to run law.

B. *Diaz's Argument*

---

[9] Florida's resign-to-run law includes a specific remedial provision: the name of any person not complying with the law may not appear on the ballot. § 99.012(5), Fla. Stat. (2015).

8

Diaz alleges that Florida's resign-to-run law is not applicable to his situation. Diaz argues that the term of the office he "presently holds" (i.e. Sweetwater mayor) does not "run concurrently" with the term of the office he is seeking (i.e. retention as Sweetwater's mayor).

Diaz argues that, in analyzing whether Florida's resign-to-run law applies to his position as Sweetwater mayor, we should consider that section 4.07 of Sweetwater's Charter (which enables Diaz to return to his city commission seat upon the expiration of his term as Sweetwater's mayor) is unconstitutional as applied to the facts of this case. Diaz suggests that, notwithstanding this express provision of Sweetwater's Charter, the Florida Constitution's prohibition on dual office-holding precludes Diaz from returning to his city commission seat upon the conclusion of his mayoral term.

Diaz also suggests that, pursuant to Florida's dual office-holding prohibition, once Diaz was sworn in as Sweetwater's mayor, as a matter of law, Diaz renounced any interest in his prior city commission seat and, therefore, Diaz did not need to resign his interest in that office, as contemplated by Florida's resign-to-run law.

## C. *Lopez's Argument*

To the contrary, Lopez argues that, consistent with the trial court's ruling, and pursuant to the plain and unambiguous provisions of the Sweetwater Charter,

9

Diaz is entitled to return to his former city commission seat upon the expiration Maroño's original term of mayor.

Therefore, while Diaz technically could not, and did not, function in both offices at the same time, Diaz most certainly held an entitlement in his city commission seat for two additional years. Because a significant portion of the term of Diaz's city commission seat runs concurrently with the term of the mayor's seat Diaz was seeking in the election, Florida's resign-to-run law required Diaz to resign affirmatively his city commission seat in order to qualify to run for his own mayoral term.

Lopez further argues that such a statutory construction is consistent with the purpose and intent of Florida's resign-to-run law, does not run afoul of Florida's prohibition on dual office-holding, and does not render section 4.07 of the Sweetwater Charter unconstitutional.

### D. *Our Holding*

We concur with the rationale of the trial court and affirm the trial court's well-reasoned final order.

When we are called upon, as we are here, to harmonize legal authorities, such as municipal charters and statutes, we are required to construe such authorities in such a way as to give reasonable meaning to each. City of Hollywood v. Mulligan, 934 So. 2d 1238, 1244-45 (Fla. 2006). Further, we are required to

10

construe statutes and charter provisions consistent with constitutional provisions and, where possible, avoid declaring such provisions unconstitutional. <u>Vildibill v. Johnson</u>, 492 So. 2d 1047, 1050 (Fla. 1986) (citation omitted).

The trial court harmoniously construed the relevant provisions, giving meaning to each without judicially rewriting the City of Sweetwater's elected official succession scheme. Like the trial court, we construe the relevant provisions so not to offend either Florida's resign-to-run law or Florida's constitutional ban on dual office-holding, while at the same time preserving Sweetwater's succession scheme.[10]

When Diaz accepted the position of mayor, it was unknown whether Maroño would return to office. Indeed, had Maroño been acquitted during Maroño's mayoral term, Maroño would have been entitled to reclaim his seat as mayor[11] and Diaz would have reclaimed his city commission seat, as expressly outlined in section 4.07 of Sweetwater's Charter.

---

[10] It bears noting that we are called upon in this case to adjudicate whether the trial court appropriately harmonized the Sweetwater Charter's vacancy in office provision, Florida's resign-to-run law, and the Florida Constitution's dual office-holding provision. The constitutionality of Charter section 4.07 that permits the president of the city commission to return to his or her commission seat after becoming the mayor is not before us. The Florida Rules of Civil Procedure contain specific requisites for constitutional challenges, which were not invoked below. Fla. R. Civ. P. 1.071.

[11] <u>Mayor Wayne Slaton & Town of Miami Lakes v. Pizzi</u>, -- So. 3d – 2015 WL 1874593 (Fla. 3d DCA April 24, 2015).

11

The requirement that candidate Diaz resign his continuing interest in his city commission seat prevents Diaz from having precisely the safe haven for unsuccessful candidates that Florida's resign-to-run law is designed to prevent.

Under the unique facts of this case, we can harmonize the implicated provisions by construing the resign-to-run law's term, "office he or she presently holds," to include Diaz's retained interest in his city commission seat. This retained interest arises from the clear and express provisions of the Sweetwater Charter, which guarantees Diaz the right to return to his city commission seat upon the expiration of his current mayoral term.

Put another way, Diaz' express entitlement to return to his city commission seat upon Diaz's completion of Maroño's term – an entitlement guaranteed by the Sweetwater Charter – constitutes an "office [Diaz] presently holds" so as to implicate Florida's resign-to-run law; and, because the term of that office runs concurrently with an office Diaz seeks, Diaz was required to comply timely with Florida's resign-to-run law.

## IV. Conclusion

Because Diaz did not comply with Florida's resign-to-run law by resigning his city commission seat prior to qualifying for the Sweetwater mayoral election, we affirm the trial court's final order disqualifying Diaz as a candidate for the Sweetwater mayoral election.

12

This Opinion shall take effect immediately, notwithstanding the filing of any motion for rehearing. This Court's stay of the order of the trial court is lifted, effective immediately.

Affirmed.