NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL SHELTON, as Trustee under the )
provisions of the trust agreement dated the )
20th day of September, 2013 known as )
12532 Herons Path Residential Land Trust, )
)
       Appellant, )
)
v. )     Case No. 2D16-952
)
THE BANK OF NEW YORK MELLON f/k/a )
The Bank of New York, as Trustee for the )
holders of the certificates, First Horizon )
Mortgage Pass-Through Certificates Series )
FH04-FA2, by First Horizon Home Loans, a )
Division of First Tennessee Bank National )
Association, Master Servicer, in its capacity )
as agent for the Trustee under the Pooling )
and Servicing Agreement; ANDREA E. )
NORTHRUP, or any successors in trust, )
under the Andrea E. Northrup Revocable )
Trust Agreement Dated February 25, 2005 )
and any amendments thereto; ANDREA E. )
NORTHRUP; MARTIN T. NORTHRUP; )
BANK OF AMERICA, N.A.; and SOUTH )
POINTE OF TAMPA HOMEOWNERS )
ASSOCIATION, INC., )
)
       Appellees. )
_____ )

Opinion filed November 9, 2016.

Appeal pursuant to Fla. R. App. P. 9.130

from the Circuit Court for Hillsborough
County; Mark D. Kiser, Judge.

Jamie A. Cummings and Heather A.
DeGrave of Walters, Levine, Klingensmith
& Thomison, P.A., Tampa, for Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Eric M. Levine
of Akerman LLP, West Palm Beach, for
Appellee The Bank of New York Mellon.

No appearance for remaining Appellees.


BLACK, Judge.

Michael Shelton, as Trustee under the provisions of the trust agreement

dated 20th day of September 2013, known as the 12532 Herons Path Residential Land

Trust, challenges the order confirming the foreclosure sale, directing the clerk of court to

issue a certificate of title, and denying his motion to set aside the foreclosure sale.  For

the reasons discussed below, we affirm the order.

In his capacity as trustee, Mr. Shelton was a defendant in the foreclosure

action below and the record title owner of the property as of September 24, 2013.  The

uniform final judgment of foreclosure in this case was rendered June 25, 2015.  The

property was sold via public sale on November 10, 2015, and Mr. Shelton filed his

objection to sale on November 20, 2015.  The objection to sale was subsequently

denied, and the trial court ratified the sale and directed issuance of the certificate of title

to The Bank of New York Mellon.[1]

---

[1]The Bank of New York Mellon brought the foreclosure action as Trustee
for the holders of the Certificates, First Horizon Mortgage Pass-Through Certificates

On appeal, Mr. Shelton first contends that the court erred in denying his motion to set aside the foreclosure sale. He argues that the published notice of sale was defective because it did not comply with section 702.035, Florida Statutes (2014). Section 702.035, titled "Legal notice concerning foreclosure proceedings," provides in relevant part:

> Whenever a legal advertisement, publication, or notice relating to a foreclosure proceeding <u>is required to be placed in a newspaper</u>, it is the responsibility of the petitioner or petitioner's attorney to place such advertisement, publication, or notice. <u>For counties with more than 1 million total population as reflected in the 2000 Official Decennial Census of the United States Census Bureau</u> as shown on the official website of the United States Census Bureau, any notice of publication required by this section <u>shall be deemed to have been published in accordance with the law if the notice is published in a newspaper that has been entered as a periodical matter at a post office in the county in which the newspaper is published, is published a minimum of 5 days a week</u> . . . .

(Emphasis added.) In this case, the notice of sale was published in a weekly newspaper. Mr. Shelton claims that Hillsborough County now has a population of over one million, according to the 2010 U.S. Census. Although he acknowledges that in 2000, the year referenced in the statute, Hillsborough County had a population of 998,948, Mr. Shelton argues that strict construction of the statute renders the statute an unconstitutional special law. Citing <u>City of Miami v. McGrath</u>, 824 So. 2d 143, 148 (Fla. 2002), Mr. Shelton contends that because the statute "applie[s] to a particular

---

Series FS04-FA2, by First Horizon Home Loans, a Division of First Tennessee Bank National Association, Master Servicer, in its capacity as agent for the Trustee under the Pooling and Servicing Agreement.

- 3 -

population size and [is] tied to a specific date, so that no other entities could ever fall within the confines of the statute," it is an invalid special law.

Although not argued by Mr. Shelton or The Bank of New York Mellon, nothing in the record before this court indicates that Mr. Shelton complied with the requirements of Florida Rule of Civil Procedure 1.071.  Rule 1.071, titled "Constitutional Challenge to State Statute or County or Municipal Charter, Ordinance, or Franchise; Notice by Party," provides:

> A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise must promptly
>
> (a) file a notice of constitutional question stating the question and identifying the paper that raises it; and
>
> (b) serve the notice and the pleading, written motion, or other paper drawing into question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise on the Attorney General or the state attorney of the judicial circuit in which the action is pending, by either certified or registered mail.
>
> Service of the notice and pleading, written motion, or other paper does not require joinder of the Attorney General or the state attorney as a party to the action.

Rule 1.071 was adopted in 2010 and intended to clarify the requirements of section 86.091, Florida Statutes (2010), regarding notice to the Attorney General of constitutional issues.  See § 86.091 ("If the statute . . . is alleged to be unconstitutional, the Attorney General or the state attorney of the judicial circuit in which the action is pending shall be served with a copy of the complaint and be entitled to be heard.").

- 4 -

In this case, Mr. Shelton's objection to the notice of sale does not state that the Attorney General or state attorney was served.[2] As a result, we cannot consider the constitutional issue. See Diaz v. Lopez, 167 So. 3d 455, 460 n.10 (Fla. 3d DCA 2015) ("The constitutionality of Charter section 4.07 that permits the president of the city commission to return to his or her commission seat after becoming the mayor is not before us. The Florida Rules of Civil Procedure contain specific requisites for constitutional challenges, which were not invoked below. Fla. R. Civ. P. 1.071."); cf. Brinkmann v. Francois, 184 So. 3d 504, 507 (Fla. 2016) ("The record before us reflects that all procedural requirements were indeed satisfied, including proper notice being furnished to the Office of the State Attorney for the Seventeenth Judicial Circuit in and for Broward County.").

Notwithstanding the constitutional issue, section 45.031, Florida Statutes (2014), is the operative statute in this case. Section 45.031 is titled "Judicial sales procedures," and it provides in pertinent part: "In any sale of real or personal property under an order or judgment, the procedures provided in this section and [sections] 45.0315-45.035 may be followed as an alternative to any other sale procedure if so ordered by the court." (Emphasis added.) Florida Rule of Civil Procedure forms 1.996(a) and (b)—and the final judgment entered in this case—direct that the property shall be sold at a public sale and in accordance with section 45.031. Section 45.031(2) provides, "Publication of sale.—Notice of sale shall be published once a week for 2

---

[2]Although the issue of whether section 702.035 is an unconstitutional special law was argued at the hearing on the motion to set aside the certificate of title and objection to sale, Mr. Shelton's objection to sale did not raise the argument.

consecutive weeks in a newspaper of general circulation, as defined in chapter 50, published in the county where the sale is to be held." Mr. Shelton does not argue that the Bank did not comply with section 45.031(2). Because the trial court ordered that the foreclosure sale be accomplished in accordance with section 45.031 and Mr. Shelton does not challenge the Bank's notice under section 45.031, Mr. Shelton is not entitled to relief on his first issue.

In his second issue, Mr. Shelton contends that the court erred in denying his motion to set aside the sale because the Bank failed to provide him with an estoppel letter which would allow him to exercise his right of redemption. Mr. Shelton relies on section 701.04, Florida Statutes (2014):

> Cancellation of mortgages, liens, and judgments.—
>
> (1) Within [fourteen] days after receipt of the written request of a mortgagor, . . . the holder of a mortgage shall deliver or cause the servicer of the mortgage to deliver to the person making the request . . . an estoppel letter setting forth the unpaid balance of the loan secured by the mortgage.

Mr. Shelton does not address section 45.0315, titled "Right of redemption," or this court's conclusion in Whitburn, LLC v. Wells Fargo Bank, N.A., 190 So. 3d 1087, 1092 (Fla. 2d DCA 2015), that

> Whitburn's assertion that Wells Fargo thwarted Whitburn's redemption rights by failing to provide an estoppel letter is without merit. Whitburn ignores section 45.0315, Florida Statutes (2014), which addresses the right of redemption. That statute provides that "the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure." Id.

Section 45.0315 governs the right of redemption where a final judgment of foreclosure has been entered: "At any time before the later of the filing of a certificate of sale . . . or the time specified in the judgment, order, or decree of foreclosure, the mortgagor . . . may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment . . . ."  Moreover, the Bank's alleged failure to comply with section 701.04 is not a basis to set aside the sale.  See Skelton v. Lyons, 157 So. 3d 471, 473 (Fla. 2d DCA 2015) ("[T]he substance of an objection to a foreclosure sale under section 45.031(5) must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself." (quoting IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012))).  It is simply "[in]adequate to justify the equitable relief" requested where Mr. Shelton was a party to the foreclosure action and received a copy of the final judgment of foreclosure which included the requisite paragraph regarding the right of redemption.  See Skelton, 157 So. 3d at 473 (quoting Sulkowski v. Sulkowski, 561 So. 2d 416, 418 (Fla. 2d DCA 1990)).

Affirmed.

MORRIS and SLEET, JJ., Concur.