LAMBERT, J.
*280 The primary issue that we address in this case is whether under Florida's Medical Malpractice Act a presuit affidavit submitted by a plaintiff from a health care provider who does not specialize in the same field as the defendant nevertheless meets the statutory presuit investigatory requirements for filing a medical negligence suit. For the following reasons, we hold that it does not, and we therefore affirm the final judgment.
The facts of this case pertinent to this appeal are fairly undisputed. Sandra Dale Essex[1] was a patient of the appellees, Michael A. Karr, M.D., an orthopaedic surgeon, and Karr and Kornberg Orthopaedic Associates, M.D., P.A., d/b/a Orthopaedic Associates of Osceola (hereinafter jointly "Dr. Karr"). Dr. Karr performed hip replacement surgery on Essex, and it was during this procedure that Dr. Karr allegedly fractured Essex's right lower femur. Prior to filing her medical negligence complaint, Essex submitted presuit affidavits from an emergency room physician, a radiologist, and a nurse, all averring that the actions of Dr. Karr during Essex's hip surgery negligently caused the fracture of her femur. See Weaver v. Myers , 229 So.3d 1118, 1121 (Fla. 2017) ("[B]efore filing a medical negligence action in Florida, a claimant must satisfy statutory requirements, which include conducting a presuit investigation process to ascertain whether there are reasonable grounds to believe that the defendant medical provider was negligent, and that the negligence resulted in injury to the claimant." (citing § 766.203(2)(a)-(b), Fla. Stat. (2016) ) ).
Dr. Karr moved to dismiss the complaint, asserting that the three affidavits were insufficient to meet the statutory presuit requirements of section 766.102(5)(a)1., Florida Statutes (2013), because none of the affidavits was from an expert witness specializing in his field of orthopaedic surgery. Essex responded that this "same specialty" requirement only pertained to expert testimony presented at trial and that under this court's decisions in State Farm Mutual Automobile Insurance Co. v. Long , 189 So.3d 335, 339 (Fla. 5th DCA 2016), and Apostolico v. Orlando Regional Health Care Systems, Inc. , 871 So.2d 283, 287 n.4 (Fla. 5th DCA 2004), her presuit affidavits, although not from orthopaedic surgeons, were nevertheless sufficient because there is "a less stringent standard for qualification of experts in the medical malpractice presuit screening process than might be required of an expert to offer testimony at trial." Apostolico , 871 So.2d at 287 n.4 (citing Faber v. Wrobel , 673 So.2d 871, 872-73 (Fla. 2d DCA 1995) ). Essex further argued that the three presuit affidavits submitted gave her counsel sufficient grounds for a good faith belief that Dr. Karr had negligently provided orthopaedic surgical care, thus complying with counsel's statutory presuit duty to reasonably investigate the claim. See § 766.104(1), Fla. Stat. (2013).
The trial court disagreed, specifically finding that the affidavits from the emergency room physician, radiologist, and the *281 nurse failed to comply with the statutory presuit requirements to support a claim against an orthopaedic surgeon accused of negligence in his capacity as an orthopaedic surgeon. The court entered an order of dismissal with prejudice and thereafter entered a final judgment in favor of Dr. Karr, from which Appellant has timely appealed. Because the trial court's ruling is based on a question of law, our review is de novo. Pierrot v. Osceola Mental Health, Inc. , 106 So.3d 491, 492 (Fla. 5th DCA 2013) (citing Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. , 752 So.2d 582, 584 (Fla. 2000) ).
One of the legislative purposes of Florida's Medical Malpractice Act, codified in Chapter 766, Florida Statutes, is to provide a "mechanism for the prompt resolution of medical malpractice claims through mandatory presuit investigation," Walker v. Va. Ins. Reciprocal , 842 So.2d 804, 809 (Fla. 2003) (quoting St. Mary's Hosp., Inc. v. Phillipe , 769 So.2d 961, 969-70 (Fla. 2000) ), thus allowing the parties "to avoid lengthy litigation of claims and the associated costs of such litigation," id. (citing Kukral v. Mekras , 679 So.2d 278, 280 (Fla. 1996) ). Section 766.203, Florida Statutes, specifically governs the presuit investigation requirements of medical negligence claims by prospective parties. Prior to filing a notice of intent to initiate a medical negligence suit, a claimant must conduct an investigation to ascertain that reasonable grounds exist that the named defendant in the litigation was negligent in the care and treatment of the claimant and that such negligence resulted in injury. Further, the existence of reasonable grounds to support a claim of medical negligence must be corroborated by the claimant's submission of a verified written medical expert opinion from a medical expert as that term is defined in section 766.202(6). This statute defines a medical expert as:
[A] person duly and regularly engaged in the practice of his or her profession who holds a health care professional degree from a university or college and who meets the requirements of an expert witness as set forth in s. 766.102.
Applying these two statutes to the instant case, Essex was required to submit a presuit verified written medical opinion from an individual who would qualify as an expert witness under section 766.102, corroborating that reasonable grounds existed for her to bring a medical negligence suit against Dr. Karr.
In 2013, the Legislature specifically amended section 766.102(5), regarding the requirements for qualification as an expert witness. Pertinent to this case, the statute now reads:
(5) A person may not give expert testimony concerning the prevailing professional standard of care unless the person is a health care provider who holds an active and valid license and conducts a complete review of the pertinent medical records and meets the following criteria:
(a) If the health care provider against whom or on whose behalf the testimony is offered is a specialist, the expert witness must:
1. Specialize in the same specialty as the health care provider against whom or on whose behalf the testimony is offered ....
Here, because Dr. Karr is an orthopaedic surgeon, the plain language of this statute required that the medical expert or experts who provided Essex with the corroborating presuit verified medical expert opinions be of the same specialty. See Clare v. Lynch , 220 So.3d 1258, 1261 (Fla. 2d DCA 2017).
Appellant's reliance on our decisions in Apostolico and Long for the argument that *282 the presuit affidavits here did not have to be from a health care provider practicing in the same specialty as Dr. Karr is misplaced. First, Apostolico was interpreting a 2002 statute that is no longer applicable. See Yocom v. Wuesthoff Health Sys., Inc. , 880 So.2d 787, 790 n.2 (Fla 5th DCA 2004) (noting that the 2003 statute appears to have eliminated the earlier distinction between an expert for presuit purposes and an expert for purposes of testifying at trial); Paley v. Maraj , 910 So.2d 282, 283 (Fla. 4th DCA 2005) (recognizing that the statute enacted in 2003 has eliminated the distinction between an expert for presuit purposes and for testifying at trial). Second, Long was not a medical malpractice case and thus was not addressing the sufficiency of presuit affidavits from health care providers. Any reference in Long of there being a less stringent standard for the qualification of experts in the presuit screening process for medical malpractice suits was dicta.
Appellant also briefly raises for the first time on appeal the constitutionality of the "same specialty" requirements of section 766.102(5)(a). We conclude that this issue has not been properly preserved for review. Florida Rule of Civil Procedure 1.071 provides that a party who seeks to question the constitutionality of a state statute or a county or municipal charter, ordinance, or franchise must, among other things, serve the notice and the pleading or other document challenging its constitutionality upon either the Attorney General or the state attorney of the judicial circuit in which the action is pending. Here, no such notice was provided. See Shelton v. Bank of N.Y. Mellon , 203 So.3d 1003, 1005 (Fla. 2d DCA 2016) (declining to consider constitutional challenge to section 702.035, Florida Statutes, because there was no record indication that the appellant complied with rule 1.071 by serving either the Attorney General or state attorney); Diaz v. Lopez , 167 So.3d 455, 460 n.10 (Fla. 3d DCA 2015) (finding that the appellant's constitutional challenge to a city's charter was not before the court because the specific requisites of rule 1.071 were not invoked in the circuit court).[2]
Accordingly, the final judgment entered in favor of Dr. Karr is affirmed.[3]
AFFIRMED.
HARRIS and GROSSHANS, JJ., concur.

Ms. Essex was initially the appellant in this case. She passed away shortly before oral argument, and the personal representative of her estate was substituted as a party.

The Florida Supreme Court has recently declined to adopt the "same specialty" amendment to section 766.102(5)(a) "to the extent it is procedural." See In re Amendments to the Florida Evidence Code , 210 So.3d 1231, 1239 (Fla. 2017). However, a Florida Supreme Court rules decision declining to adopt a statutory amendment to the extent that it is procedural does "not vitiate or overturn the statute," and "the statute remains the law in Florida." Clare , 220 So.3d at 1262 (quoting Bivins v. Rogers , 207 F.Supp.3d 1321, 1326 (S.D. Fla. 2016) ). Because the constitutionality of section 766.102(5)(a) is not properly before us, the statute remains in effect.

We reject, without further discussion, Appellant's remaining argument that the dismissal of the complaint should have been without prejudice as both meritless and unpreserved.